**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

NAIM IBRAHIM SAMAD,
Petitioner,
v.
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,
Respondents.

Case No.: 26cv4626 DMS (JLB)

**ORDER SETTING STATUS**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition and Petitioner filed a Traverse.

The parties dispute when Petitioner's removal order became final, with Petitioner arguing the removal order became final on May 1, 2026, and Respondents asserting the removal order became final on July 2, 2026. Petitioner relies on 8 C.F.R. § 1241.1(f) to support his position. That regulation states:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: … (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days.

8 C.F.R. § 1241.1(f). Petitioner misreads this regulation to say the removal order becomes final either upon issuance of the alternate order of removal or upon overstay of the voluntary departure period, but there is no "or" between those two clauses. The "or" is between the overstay of the voluntary departure period or the failure to post a required voluntary departure bond. Under the facts of this case, the removal order became final upon Petitioner's overstay of the voluntary departure period, which occurred on July 2, 2026. Accordingly, the sixth-month reasonable detention period under *Zadvydas v. Davis*, 533 U.S. 678 (2001) does not expire until January 2, 2027.

In accordance with Petitioner's request, the Court sets a status conference on **January 4, 2027**, at **11:00 a.m.**

**IT IS SO ORDERED.**

Dated: October 5, 2026

Hon. Dana M. Sabraw
United States District Judge