**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAIM IBRAHIM SAMAD,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,<br>Respondents. | Case No.: 26cv4626 DMS (JLB)<br><br>**ORDER (1) GRANTING MOTION TO RECONSIDER AND (2) GRANTING PETITION** |

On October 5, 2026, this Court issued an Order finding Petitioner's removal order became final on July 2, 2026, and thus, for the purpose of his *Zadvydas* claim, the six-month reasonable detention period would not expire until January 2, 2027. In light of those findings, the Court set the matter for status on January 4, 2027.

On October 20, 2026, Petitioner filed a motion to reconsider under Federal Rule of Civil Procedure 54(b). In the motion, Petitioner raised a new argument that the finality of his removal order is governed by *Ocampo v. Holder*, 629 F.3d 923 (9th Cir. 2010). In that

case, the Ninth Circuit held, based on 8 U.S.C. § 1101(a)(47)(B)[1], that a removal order becomes final "upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order." *Id.* at 928. Petitioner argues the deadline for him to seek BIA review of his removal order expired when he waived appeal of the removal order on April 1, 2026, therefore his removal order became final on that date.

Respondents stand firm on their position that 8 C.F.R. § 1241.1(f) governs the finality of Petitioner's removal order, and under that regulation, the Court's October 5, 2026 Order is correct and Petitioner's motion for reconsideration should be denied. Notably, Respondents did not mention *Ocampo* in their response, and that case explicitly rejects their argument. *See id.* at 927 (agreeing with "our sister circuits that the statutory definition of finality in 8 U.S.C. § 1101(a)(47) controls and trumps the regulatory definition in 8 C.F.R. § 1241.1(f).")

In light of *Ocampo*, the Court grants Petitioner's motion to reconsider and finds Petitioner's removal order became final on April 1, 2026. Applying that date, Respondents had six months, or until October 1, 2026, to effectuate Petitioner's removal. They did not do so, and they have not presented any evidence that there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Accordingly, the Court grants the Petition, and orders Respondents to release Petitioner forthwith. In accordance with this Order, the parties shall file a Joint Status Report on or before **November 30, 2026**,

/ / /

/ / /

/ / /

/ / /

---

[1] This statute provides that a removal order "shall become final upon the earlier of - - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47).

confirming Petitioner has been released. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: November 24, 2026

Hon. Dana M. Sabraw
United States District Judge